UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Walter Goldsmith,

    Plaintiff,

v.                                                    Case No. 08-14817

Allstate Insurance Company,              Honorable Sean F. Cox

    Defendant.

_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

This action for first party no-fault benefits arising out of a motor vehicle accident was removed to this Court on November 17, 2008. The matter is currently before the Court on Plaintiff's Motion to Remand. The parties have briefed the issues and the Court heard oral argument on April 15, 2009. The Court shall **GRANT** the Motion to Remand for two reasons. First, this Court does not have subject matter jurisdiction over this action because the threshold amount in controversy was not met at the time of removal. Second, this Court is persuaded by the reasoning and analysis in *Warren v. State Farm Mutual Automobile Ins. Co.*, 2007 WL 1267579 (E.D. Mich. 2007), and concludes that the Notice of Removal in this action was not "timely filed" under 28 U.S.C. § 1446(b).

BACKGROUND

On or about April 4, 1993, while Plaintiff Walter Goldsmith ("Plaintiff") was insured by Defendant Allstate Insurance Company ("Defendant"), he incurred injuries in an automobile accident ("the Accident").

On or about August 11, 2005, Plaintiff filed suit against Defendant in Wayne County Circuit Court, asserting a first party claim for personal injury protection benefits arising out the Accident. Plaintiff's complaint alleged the following two counts: "Breach of Contract" (Count I) and "Declaratory Relief" (Count II). That case, Case No. 05-524048, was assigned to the Honorable Wendy Baxter. The case proceeded before Judge Baxter for more than two years and proceeded through case evaluation[1] and all other pretrial proceedings. Defendant did *not* attempt to remove the action to this Court at any point during the case. A jury trial commenced on or about January 7, 2008. Shortly after selection of the jury, the parties agreed to settle all "No-Fault claims *through January 7, 2008*, resulting from the subject April 4, 1993 motor vehicle accident." (*See* Settlement and Release, attached as Ex. C to Pl.'s Resp. Br., at 1)(emphasis added).

After January 7, 2008, Plaintiff continued to submit on-going no-fault claims to Defendant for unpaid medical bills, attendant care and mileage that was incurred after January 7, 2008. (Ex. D to Pl.'s Resp. Br.). Plaintiff states that Defendant has failed to pay for the majority of these submitted no-fault claims.

As a result, on or about August 5, 2008, Plaintiff filed a second action against Defendant in Wayne County Circuit Court. The case was again was assigned to Judge Baxter. Like the complaint in the first action, Plaintiff's complaint asserts a first party claim for personal injury protection benefits arising out of the Accident and asserts two counts: "Breach of Contract" (Count I) and "Declaratory Relief" (Count II). In this action, Plaintiff seeks no-fault benefits for

---

[1]At case evaluation, Plaintiff sought an award of $135,444.80 for his past no-fault benefits. (Ex. B to Pl.'s Reply Br.).

2

his expenses incurred after January 7, 2008.  Plaintiff's complaint requests damages "in excess of Twenty-Five Thousand ($25,000) Dollars."

Defendant removed the action to this Court on November 17, 2008, asserting that this Court has diversity jurisdiction over this action.  It asserts that Plaintiff is a citizen of Michigan and that it is a Illinois corporation and does not have its principal place of business in Michigan.  The Notice of Removal notes that Plaintiff's complaint only alleges the jurisdictional amount of $25,000 in damages, but asserts that this matter involves more than $75,000.  (Notice of Removal at ¶¶ 7-8).

On November 25, 2008, Plaintiff filed the instant Motion to Remand to Wayne County Circuit Court.

## ANALYSIS

I.  This Court Lacks Subject Matter Jurisdiction Over This Action Because The Amount-In-Controversy Requirement Was Not Met At The Time Of Removal.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."  *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).  Thus, while Plaintiff's Motion to Remand did not expressly raise the issue of whether Defendant has established diversity jurisdiction, this Court has a "duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."  *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern.*, __ F.3d __ (6th Cir. 2009).

Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties. While diversity of citizenship appears to be satisfied here, the amount in controversy is not.

A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). "In gauging the amount in controversy, courts view the claims from the vantage point of *the time of removal*." *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (emphasis added).

Here, Defendant removed this action on November 17, 2008. Prior to that time, the parties had settled all claims through January 7, 2008, and, therefore, the only damages Plaintiff claims in this action are for those expenses incurred *after* January 7, 2008. Thus, at the time of removal on November 17, 2008, the amount in controversy consists of the expenses Plaintiff incurred between January 7, 2008, and November 17, 2008.

In asserting that the amount in controversy is met in this action, Defendant notes that as of the time of removal, "no-fault benefits of $159,000 had already been paid to Plaintiff." (Def.'s Br. at 8). The amount that Defendant may have paid Plaintiff in connection with a settlement that occurred *prior* to removal is irrelevant for purposes of establishing subject matter jurisdiction. The only inquiry is whether, as of the time of removal, the amount in controversy exceeds $75,000.

In his response to Defendant's Motion to Remand, Plaintiff states that it "currently seeks less than $50,000.00 in overdue no-fault benefits that have been incurred since the settlement. The Plaintiff's treating physician has prescribed six (6) hours per day of attendant care which the Plaintiff has submitted in monthly billings to the Defendant insurer. The claimed damages currently are less than $50,000." (Pl.'s Reply Br. at 2-3).

In order to provide Defendant notice of this issue and an opportunity to respond, this Court issued a Show Cause Order prior to the hearing, requiring Defendant to show cause, at the

4

scheduled hearing, why this case should not be dismissed for lack of subject matter jurisdiction because the amount in controversy is not met. (Docket Entry No. 10).

In response to that order, Defendant filed a written response. (Docket Entry No. 11). In that response, and at oral argument, Defense Counsel asserted that the threshold amount of $75,000 is met when the following damage items are considered: 1) attendant care; 2) medical expenses; 3) guardianship fees; and 4) attorney fees. Defendant acknowledged in its written response that the amount of attendant care and medical expenses claimed to date total $54,172. (*Id*. at 6). Defense Counsel acknowledged at the hearing that Defendant has no information as to the amount of any guardianship expenses that are claimed. Finally, Defendant presented no evidence to as to the amount of any attorney fees that have been incurred by Plaintiff. Moreover, at the hearing, Plaintiff's Counsel indicated that Plaintiff had incurred less than $1,000.00 in attorney fees in this action at the time of removal.

Accordingly, the Court concludes that Defendant has not met its burden of establishing that the amount-in-controversy requirement was satisfied at the time of removal and this Court therefore lacks subject matter jurisdiction over this action.

II.   In Addition, The Court Concludes That Defendant's Notice Of Removal Was Untimely Under 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446, a notice of removal in a civil action "shall be filed within thirty days after the receipt by the defendant, though service or otherwise, of a copy of *the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .*" 28 U.S.C. § 1446(b) (emphasis added).

Plaintiff states that "[f]ederal courts decisions interpreting § 1446 have reflected a pragmatic approach to the thirty day limit for removal which does not favor removal under

circumstances where the new action commenced is simply a continuation of the original action." (Pl.'s Br. at 6). Plaintiff relies on *Korzinski v. Jackson*, 326 F.Supp.2d 704 (E.D. N.C. 2004) and a recent decision from this Court, *Warren v. State Farm Mut. Auto. Insur. Co.*, 2007 WL 1267579 (E.D. Mich. 2007), in requesting that the Court remand the matter because the removal is untimely under § 1446(b).

*Warren* involved a situation *very similar* to the case at bar. The plaintiff filed suit in state court, asserting a first party claim for no-fault benefits. The defendant did not remove the case and the case ultimately settled, thereby resolving benefits through a given date. A second action was later filed in state court, seeking benefits for the period after the settlement. The defendant then sought to remove the second action to federal court. The plaintiff filed a motion to remand, asserting that the removal was untimely under § 1446(b). The district court agreed, granted the motion, and remanded the action to the state court. In doing so, the court stated:

> This case does appear to be a continuation of an established lawsuit because both cases involve the exact same parties, same medical provider and same type of bills (although for a different time frame) that are once again being denied by Defendant State Farm . . . Defendant knew the Plaintiff, the issues the court and the judge involved in the May 12-July 12, 2004, period when it elected to remain in the Michigan state court. No substantial policies involving notice, opportunity, fairness or federalism warrant providing Defendant a second election regarding a federal forum.
>
> Principles of efficiency would support returning this case to the state forum of its origin. This case has a long history in Washtenaw County Circuit Court before Judge Shelton. The prior action progressed for 13 ½ months on the same provider and services, and was 2 months from trial before it was settled. The present lawsuit is seeking further benefit installments for the same benefits and the same medical expenses that were being incurred in the law lawsuit . . .

*Warren, supra*, at *5-6. The court further stated:

> As stated in *Korzinski,* Federal court decisions regarding § 1446 reflect a *pragmatic approach* to the thirty day limit for removal. Utilizing such an

> approach to analyze the facts in this case, does not favor removal because the "new action" appears to be no more than a formality and a continuation, in all other respects, of the original action. For the benefit of judicial economy and to reduce the potential for "judge shopping," it is appropriate for this matter to be maintained in state court before the same judge who is fully familiar with the facts and parties in this case.
>
> Because Defendant never objected to jurisdiction in state court and never sought removal from May 12 to July 12, 2004, Defendant's current attempt to remove this matter pursuant to § 1446 is untimely.

*Id.*

This Court is persuaded by the reasoning and analysis in *Warren v. State Farm Mutual Automobile Ins. Co.*, 2007 WL 1267579 (E.D. Mich. 2007), and concludes that the Notice of Removal in this case was not timely filed under 28 U.S.C. § 1446(b).

## CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and this action is hereby **REMANDED** to Wayne County Circuit Court.

**IT IS SO ORDERED**.

                          s/Sean F. Cox
                          Sean F. Cox
                          United States District Judge

Dated: April 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2009, by electronic and/or ordinary mail.

                          s/Jennifer Hernandez
                          Case Manager